IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1986-O-BN |
| | § | |
| TEQUILA NIGHTS PRIVATE | § | |
| CLUB, INC., ET. AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pre-trial management pursuant to 28 U.S.C. § 636(b) and an order of reference from District Judge Reed C. O'Connor. *See* Dkt. No. 9. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that Plaintiff's Motion for Summary Judgment [Dkt. No. 13] should be denied.

**Background**

On May 28, 2013, Plaintiff Joe Hand Promotions, Inc. filed a complaint against Defendants Tequila Nights Private Club, Inc. ("TNPC"), Ubaldina Lopez, and Holly Lopez for violating the Federal Communications Act. *See* Dkt. No. 1. Plaintiff licenses and markets commercial exhibitions of pay-per-view prizefights. Defendant TNPC operated a business that closed in 2012 after its sole owner and

president, Eduardo Lopez, was murdered. Defendant Ubaldina Lopez is Eduardo Lopez's wife, and Defendant Holly Lopez is his daughter.

Plaintiff claims that (1) under 47 U.S.C. § 553 or 47 U.S.C. § 605, TNPC illegally exhibited a pay-per-view fight on May 29, 2010 titled *UFC 114: Rampage v. Evans* without paying Plaintiff the sublicensing fee for commercial establishments and (2) Ubaldina Lopez and Holly Lopez as officers of TNPC are individually liable. Plaintiff seeks statutory damages, additional damages for willfulness, and attorneys' fees. *See id.*

Plaintiff filed a motion for summary judgment on all claims. *See* Dkt. No. 13. In Defendants' response to Plaintiff's summary judgment motion, Defendants argue that (1) Plaintiff never met its burden of proof because of a defective affidavit; (2) Ubaldina Lopez and Holly Lopez are not individually liable because they never had the right to supervise or held a liquor license for the establishment; and (3) Plaintiff's damages are unwarranted because the establishment made far less than the damages that Plaintiff requests. *See* Dkt. No. 17 & 18.

Plaintiff did not file a reply, and its time to do so has passed. *See* Dkt. No. 16. And Plaintiff did not seek leave to correct the affidavit of Thomas P. Riley on which Plaintiff's motion relied heavily. Riley's affidavit identified an unrelated establishment and its owners as defendants, instead of naming Defendants in the underlying suit. Because Plaintiff has failed to establish its initial burden of production, its summary judgment motion must be denied, and the Court need not

address alternative arguments. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986).

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.,* 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry,* 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth"-and submit evidence of "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.; Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party—but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little,* 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor,* 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers,* 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little,* 37 F.3d at 1075.

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.,* No. 3:04–cv–1866–D, 2007 WL 2403656, at *10 (N.D. Tex. Aug.23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.,* 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.,* 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

To support its summary judgment motion, Plaintiff attached Thomas P. Riley's affidavit as an exhibit to its motion. *See* Dkt. No. 13. Riley is an attorney

who has been hired by Plaintiff to investigate and litigate infringement matters. Defendants correctly identified a substantial error in Riley's affidavit. Despite ample opportunity to correct the defective affidavit, Plaintiff has failed to do so and continues to rely on this inadmissible affidavit to support its summary judgment motion.

Riley's affidavit erroneously defines the Defendants as DWJ Investments and its owners – an entity and individuals who have nothing to do with the current infringement matter – instead of TNPC, Ubaldina Lopez, or Holly Lopez. In the second paragraph of his affidavit, Riley avers:

> The statements contained herein are true and correct and within my personal knowledge or the knowledge of The Law Offices of Thomas P. Riley and from a review of The Law Offices of Thomas P. Riley's investigation file for Defendants 1) DWJ Investments LLC, Individually and d/b/a Cocky Rooster Bar and d/b/a The Cocky Rooster ("DWJ Investments LLC"); 2) Daniel R. Jimenez, Jr. a/k/a Daniel R. Jimenez, Jr., Individually and d/b/a Cocky Rooster Bar and d/b/a The Cocky Rooster ("Daniel Jimenez"); and 3) Wendy Poole Jimenez a/k/a Wendy Arleen Poole a/k/a Wendy Arlene Jimenez, Individually and d/b/a Cocky Rooster Bar and d/b/a The Cocky Rooster ("Wendy Jimenez") (collectively "Defendants") (the "Establishment").

Dkt. No. 13-1, Ex. A at 1-2, ¶ 2. The remainder of the affidavit refers to Defendants generically, relying on the above definition, and never provides the names of the correct Defendants. Essentially, Riley is testifying against DWJ Investments and its owners, not the underlying Defendants.

A review of Riley's affidavit indicates that the error is likely a cut-and-paste error. Plaintiff has brought numerous anti-piracy cases against establishments and

their owners, including the erroneously named DWJ Investments and its owners, *see Joe Hand Promotions, Inc. v. DWJ Investments, LLC*, 5:13-cv-00448-DAE (W.D. Tex.) (dismissed Oct. 21, 2013), for failing to obtain a commercial sublicense to show pay-per-view fights. Plaintiff has relied on similar affidavits in these cases, making similar factual and legal claims, to support summary judgment motions. When Riley used the same format as his previous affidavits, perhaps he forgot to replace the name of previous defendants with Defendants named in this case.

But Federal Rule of Evidence 56(c)(4) requires that an affidavit that supports a motion be made on personal knowledge, set out admissible facts, and show that the affiant is competent to testify. *See* FED. R. CIV. P. 56(c)(4). Riley's affidavit does not meet the requirements of Rule 56(c)(4), because it sets out only inadmissible facts against Defendants. The affidavit provides information solely on DWJ Investments and its owners and, thus, provides information that is irrelevant in a case against Defendants. Federal Rule of Evidence 402 excludes irrelevant evidence as inadmissible. *See* FED. R. EVID. 402. Because the affidavit contains only irrelevant evidence that is inadmissible against Defendants, Plaintiff fails to meet Rule 56(c)(4)'s requirements for affidavits.

This is enough to deny Plaintiff's summary judgment motion on which Plaintiff must establish beyond peradventure all of the essential elements of its claim to warrant judgment in its favor. Even form defects in affidavits can be substantial enough to invalidate evidence and require denying summary judgment,

especially where the affidavit is the foundation of a party's evidence on liability. *See Pension Benefit Guar. Corp. v. Heppenstall Co.*, 633 F.2d 293, 300 (3rd Cir. 1980). (invalidating evidence for failure to sign affidavit).

Plaintiff relies on Riley's affidavit to prove the elements of its Communications Act claims and to lay the foundation for authenticating the following exhibits: (1) the closed-circuit television licensing agreement giving Plaintiff the exclusive right to license the pay-per-view fight; (2) an investigator's affidavit of what he observed at Defendants' establishment on May 29, 2010; and (3) the rate card listing the sublicense fees that establishments paid to Plaintiff. *See* Dkt. No. 13-1, Ex. A at 2-4, ¶¶ 4, 7, & 8. Riley's affidavit and its attached exhibits are Plaintiff's proof of Defendants' alleged liability, and the remaining evidence is generally immaterial because it relates to Plaintiff's alleged damages.

As the movant for summary judgment, Plaintiff bears the burden of proving Defendants violated the Communications Act beyond peradventure. Because Riley's affidavit is inadmissible against Defendants and also the crux of Plaintiff's evidence that Defendants violated the Communications Act, Plaintiff has not proven that its motion warrants judgment in its favor.

## Recommendation

Plaintiff's Motion for Summary Judgment [Dkt. No. 13] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of

these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE